IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANIEL EUGENE EDWARDS, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:11-CV-149-O-BL |
| | § | |
| | § | |
| DIRECTOR TDCJ-CID, | § | |
| | § | |
| | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Daniel Eugene Edwards, Jr., filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 11, 2011. (Doc. 3, 4). At the time of filing, Edwards was confined in the Texas Department of Criminal Justice's (TDCJ) Allan Polunsky Unit in Livingston, Texas. (Doc. 3). Edwards did not consent to proceed before a United States magistrate judge. (Doc. 6). Through the office of the Attorney General of Texas, Respondent Rick Thaler, the Director of TDCJ, filed an answer and supporting brief on January 23, 2013. (Doc. 18). For the reasons stated herein, it is recommended the petition be dismissed.

**I.**

On August 10, 2009, Edwards was sentenced to fifteen (15) years' confinement in a state penitentiary after a jury found him guilty of possession and transportation of chemicals with intent to manufacture a controlled substance, in violation of Section 481.124 of the Texas Health and Safety Code. (Doc. 16, p. 92). The Texas Second Court of Appeals, Fort Worth, affirmed the conviction and trial court's judgment on May 20, 2010. (Doc. 16, p. 6-19). Edwards failed to file

a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[1] Edwards then filed three separate applications for a writ of habeas corpus with the Wichita County district court, on June 25, 2010, November 1, 2010, and September 09, 2011. (Doc. 16, p. 304-15, 334-45, 359-90). The applications were forwarded to the Court of Criminal Appeals on August 2, 2010, December 8, 2010, and October 17, 2011, respectively.[2] Petitioner's first application was dismissed on August 25, 2010, because a direct appeal was still pending.[3] (Doc. 16, p. 300). The second application was denied without a written order on January 19, 2011. (Doc. 16, p. 330). The final application was dismissed as successive on October 26, 2011, pursuant to the Texas Code of Criminal Procedure Article 11.07 § 4. (Doc. 16, p. 355).

After his state application for habeas corpus were dismissed, Edwards filed his first § 2254 petition in the Southern District of Texas, Houston Division, on March 22, 2011. *Edwards v. TDCJ*, No. 7:11-cv-046, Doc. 1 (N.D. Tex. Jun. 30, 2011). The case was transferred to the Northern District of Texas, Wichita Falls Division, on March 28, 2011, pursuant to 28 U.S.C. § 2241(d). *Edwards v. TDCJ*, No. 7:11-cv-046, Doc. 4 (N.D. Tex. Jun. 30, 2011). Edwards then filed a motion for voluntary dismissal, which the court granted on June 30, 2011. *Edwards v. TDCJ*, No. 7:11-cv-046, Doc. 9-11 (N.D. Tex. Jun. 30, 2011). Edwards filed the instant habeas petition on November 22, 2011. (Doc. 3).

## II.

Edwards contends that he was denied the effective assistance of counsel at his trial and that he was not afforded a fair trial because the trial court abused its discretion. (Doc. 3, p. 6).

---

[1] *See* http://www.search.txcourts.gov/Case.aspx?cn=PD-0716-10&coa=coscca.
[2] *See* http://www.search.txcourts.gov/ CaseSearch.aspx?coa= cosc ca&s=c.
[3] The Court of Criminal Appeals apparently granted Edwards's motion for extension of time to file his PDR on June 17, 2010. *See* http://www.search.txcourts.gov/Case.aspx?cn=PD-071610&coa=coscca. According to the Texas Rules of Appellate Procedure, an appellant may file, with the Court of Criminal Appeals, a motion for extension of time to file a PDR review within 15 days after the time to file the petition has expired. Tex. R. App. P. 68.2(c).

Specifically, Edwards argues that his counsel, Spencer Rowley, "failed to interview, depose, secure an affidavit from, or sub-poena [*sic*] Mr. Russell Beggs (co-defendant)." (Doc. 3, p. 6). Edwards also argues that the trial court abused its discretion by (1) denying a motion for continuance, (2) expressing its personal opinion that was not supported by the evidence, and (3) denying Edwards's request for a lesser included offense instruction in the jury charge. (Doc. 3, p. 6). As a result of these alleged transgressions, Edwards requests that the Court reverse his "judgment and sentence," and acquit him of all charges. (Doc. 3, p. 7).

## III.

Before the Court can examine the merits of Edwards's petition, it must first ensure all procedural formalities and prerequisites have been complied with.

### A.

28 U.S.C. § 2244(a) provides that federal courts need not "entertain an application for a writ of habeas corpus . . . if . . . the legality of [the] detention has been determined by a . . . court of the United States on a prior application for a writ of habeas corpus. . . ." Because Petitioner's first federal petition for habeas relief was voluntarily dismissed on June 30, 2011, and not decided on the merits, the instant petition should be treated akin to a first petition. *See Edwards v. Rick Thaler*, No. 7:11-cv-046-O, Doc. 10 (N. D. Tex. June 30, 2011).

### B.

28 U.S.C. § 2244(d) imposes a stringent one-year statute of limitations within which a state prisoner must file his federal habeas petition. This limitations period starts to run—as applicable to this case—from the *later* of "the date on which the judgment became final by the conclusion of direct review *or* the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). The Fifth Circuit has held that the conclusion of direct review

"includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Crockell*, 319 F.3d 693, 694 (5th Cir. 2003); *Giesberg v. Crockell*, 288 F.3d 268, 270 (5th Cir. 2002); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000). However, if the appeals process is stopped before reaching the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts*, 319 F.3d at 694.

Respondent asserts that Edwards's petition is barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1)(A). (Resp't Br. 6-12). In support, Respondent contends that Petitioner's conviction became final on June 9, 2010, because that date marked the expiry of Petitioner's time to file a PDR with the Court of Criminal Appeals. (Resp't Br. 8). Respondent also contends that even considering any extension of time due to statutory tolling, Petitioner filed this federal petition after expiry of the deadline. (Resp't Br. 6-12).

Respondent's supporting argument hinges on May 10, 2010, being the date the Second Court of Appeals affirmed Petitioner's conviction. (Resp't Br. 6-12). Using this date, Respondent contends that in accordance with Texas Rules of Appellate Procedure 68.2(a),[4] the Second Court of Appeals' affirmation became final on June 9, 2010, and thus, absent any tolling, "the one-year limitations period for filing a federal petition expired on June 9, 2011." (Resp't Br. 6).

Considering any statutory tolling pursuant to 28 U.S.C. § 2244(d)(2),[5] Respondent argues that the first state habeas petition, filed June 25, 2010, does not toll the limitations period because it was improperly filed. (Resp't Br. 9-10). Respondent concedes that the second state

---

[4] "The petition [for discretionary review] must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals." Tex. R. App. P. 68.2(a).

[5] "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Page **4** of **13**

habeas application was properly filed and tolled the limitations period for approximately 80 days. (Resp't Br. 10). Accordingly, Respondent adds the 80 days to the proposed June 9, 2011, deadline, bringing the new federal filing deadline to Tuesday, August 28, 2011. (Resp't Br. 10). Respondent concludes that because Petitioner's first federal and third state habeas petitions were filed after August 28, 2011, neither tolled the limitations period, and thus, the instant federal filing is time-barred. (Resp't Br. 10).

The Court finds that any limitations period should run from "the expiration of time for seeking [direct] review [in state court]." 28 U.S.C. § 2244(d)(1)(A); *Roberts*, 319 F.3d at 694. The Court next notes that Respondent's operative date is incorrect. As stated above, Respondent uses May 10, 2010, as the date the Second Court of Appeals affirmed Petitioner's conviction and the basis for all time calculations. (*See* Resp't Br. 6-12). However, the record indicates that Petitioner's conviction was affirmed on May *20*, 2010. (Doc. 16, p. 2, 7-13). Thus, following Respondent's line of reasoning, the 30-day deadline prescribed by Rule 68.2(a), Tex. R. App. P., would extend until June 21, 2010.[6]

Fatal to Respondent's arguments is the failure to consider the Court of Criminal Appeals' grant of an extension of time to file a PDR.[7] Rule 68.2(c), Tex. R. App. P., allows for an extension of time to file a PDR "if a party files a motion [requesting an extension] . . . no later than 15 days after the last day for filing the petition." Petitioner apparently filed a motion to

---

[6] Respondent's operative date is ten days off from the actual date the Second Court of Appeals affirmed Petitioner's conviction. Rule 4.1(a), Tex. R. App. P., states that "[t]he day of an act, event, or default after which a designated period begins to run is not included when computing a period prescribed or allowed by these rules. . . . The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday." Thirty days after May 20, 2010, is June 20, 2010, which fell on a Sunday. Thus, in accordance with the computation rules, the deadline to file a PDR extended until June, 21, 2010.

[7] Although Petitioner references the extension to file a PDR, (Doc. 24), neither the motion for extension nor the granting order is included in the record provided by Respondent. However, a search on the Court of Criminal Appeals' website shows that a motion to extend time to file a PDR was filed and granted by the Court of Criminal Appeals. *See* http://www.search.txcourts.gov/Case.aspx?cn=PD-0716-10&coa=coscca.

extend on June 17, 2010,[8] well within the time limits proscribed by the Texas rules. On the same day, the Court of Criminal Appeals granted Petitioner's motion for extension of time to file a PDR.[9] While the exact duration of the extension is unclear,[10] Rule 18.1 of the Texas Rules of Appellate Procedure is abundantly helpful. This rule states that an appellate court "must issue a mandate in accordance with the judgment. . . when one of the following period expires: . . . [t]en days after the time has expired for filing a . . . petition for discretionary review if: no timely . . . petition for discretionary review has been filed. . . ." Tex. R. App. P. 18.1(a)(1)(A).  Although the mandate is not included in the record provided by Respondent, the Second Court of Appeals' website shows that a mandate was issued on September 20, 2010.[11] Utilizing the time period prescribed in Rule 18.1(a)(1)(A), Tex. R. App. P., along with the computation guidelines in Rule 4.1(a), Tex. R. App. P., Petitioner's conviction became final on or about September 10, 2010,[12] setting the one-year deadline in § 2244(d)(1) on Monday, September 12, 2011.[13]

Next, the Court considers any tolling allowed by § 2244(d)(2). Section 2244(d)(2) tolling only applies to *properly filed* "state post-conviction or other collateral review." *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) ("we hold that a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements."). Because Petitioner's first state habeas application was dismissed because a

---

[8] *See* http://www.search.txcourts.gov/Case.aspx?cn=PD-0716-10&coa=coscca.
[9] *See* http://www.search.txcourts.gov/Case.aspx?cn=PD-0716-10&coa=coscca.
[10] In his response, Petitioner indicates that he was granted a 60-day extension within which to file his PDR with the Court of Criminal Appeals. (Doc. 24). However, the Court cannot rely on this information without corroborating documents.
[11] *See* http://www.search.txcourts.gov/Case.aspx?cn=02-09-00273-CR&coa=coa02.
[12] "[T]he issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A)." *Roberts*, 319 F.3d at 695.
[13] September 10, 2011, was a Saturday. In accordance with Federal Rules of Civil Procedure Rule 6(a)(1), the deadline would extend to "the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

direct appeal was pending, it was improperly filed[14] and no tolling is warranted. However, Petitioner's second and third applications for habeas relief were properly filed, *Villegas*, 184 F.3d at 470 ("We further hold that [petitioner's second petition, although dismissed as successive, was properly filed and thus tolled the applicable limitation period."), resulting in an extension of the one-year federal filing deadline by approximately 127 days (80 days for the second petition and 47 days for the third) to Tuesday, January 17, 2012.  Without regard to Petitioner's first federal habeas petition (filed March 22, 2011, and voluntarily dismissed on July 30, 2011), the Court finds that the instant petition for habeas relief, filed on November 22, 2011, is not time-barred.

### C.

Respondent next argues that Petitioner's claims of trial court abuse of discretion are unexhausted and procedurally barred. (Resp't Br. 12-14).

### i.

Exhaustion is a threshold issue that must be resolved before consideration of the merits. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion requirement in 28 U.S.C. § 2254(b), (c), precludes federal courts from entertaining claims that were not fairly and substantially presented to the state courts.[15] *Wilder v. Crockell*, 274 F.3d 255, 259 (5th Cir. 2001); *Nobles v. Johnson*, 127 F.3d 420 (5th Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) ("An applicant must fairly apprise the highest court of his state of the federal rights which were allegedly violated."); *Picard*, 404 U.S. at 275 ("a state petitioner must normally exhaust available state judicial

---

[14] *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 1, 3(a)-(b) (stating that an applicant can only file for state post-conviction relief "[a]fter final conviction in a felony case.").
[15] The only exception being 28 U.S.C. § 2254(b)(2), which allows a court to deny an unexhausted claim on the merits in limited circumstances.

remedies before a federal court will entertain his petition for habeas corpus."); *Jackson v. Bowles*, No. 3:01-cv-1438-N, 2002 WL 31757773 (N.D. Tex. Dec. 2, 2002). This doctrine, founded on interests of comity and federalism, "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Rines v. Webber*, 544 U.S. 269, 273-74 (2005); *Picard*, 404 U.S. at 275; *Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Often times, federal courts are presented with habeas petitions containing a mix of exhausted and unexhausted claims. Generally, courts may not grant a writ based on such "mixed" petitions. *Rines*, 544 U.S. at 273-74; *Rose*, 455 U.S. 509; *see O'Sullivan v. Boerckel*, 562 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state courts."). "A federal habeas petition that contains unexhausted claims must be dismissed in its entirety." *Jackson*, 2002 WL 31757773 at *1; *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

In order to exhaust remedies in the state of Texas, a "prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus." *Jackson*, 2002 WL 31757773 at *1; *Bautista*, 793 F.2d at 110; *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). If a petitioner follows the direct appeals process, the Court of Criminal Appeals need only decide whether to grant (and then rule upon the merits) or deny the PDR. *Flanagan v. Arizona*, 313 F. Supp. 664, 665 (S.D. Tex. 1970) (citing 28 U.S.C. § 2254) ("Texas remedies are not exhausted until the precise constitutional questions presented in an application for the writ of habeas corpus have been presented and

passed upon by the Texas Court of Criminal Appeals after trial. . . ."). However, on post-conviction review, the Court of Criminal Appeals must decide the claim *on its merits* in order to fulfill the exhaustion requirement in § 2254(b), (c). *Flanagan*, 313 F. Supp. at 665 (S.D. Tex. 1970) (citing 28 U.S.C. § 2254) ("Texas remedies are not exhausted until the precise constitutional questions presented in an application for the writ of habeas corpus have been presented and passed upon by the Texas Court of Criminal Appeals . . . on the merits, in all Texas state habeas corpus proceedings provided in the Texas Code of Criminal Procedure article 11.07."). Texas's writ jurisprudence dictates that, "a 'denial' signifies that [the Court of Criminal Appeals] addressed and rejected the merits of a particular claim while a 'dismissal' means that [the Court of Criminal Appeals] declined to consider the claim for reasons unrelated to the claim's merits." *Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997); *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim."); *Barrientes v. Johnson*, 211 F.3d 741, 780 (5th Cir. 2000); *Singleton v. Johnson*, 178 F.3d 381 (5th Cir. 1999).

The instant federal habeas petition requests relief on grounds of ineffective assistance of counsel, and trial court abuse of discretion. (Doc. 3). Petitioner argues that trial counsel, Spencer Rowley, "failed to interview, depose, secure an affidavit from, or sub-poena [*sic*] Mr. Russell Beggs (co-defendant)." (Doc. 3, p. 6). Petitioner also argues that the trial court abused its discretion by (1) denying a motion for continuance, (2) expressing its personal opinion that was not supported by the evidence, and (3) denying Edwards's request for a lesser included offense instruction in the jury charge.[16] (Doc. 3, p. 6).

---

[16] Although Petitioner does not elaborate on these contentions in his federal petition, the record provided by the Respondent includes the brief written by Petitioner to the Court of Criminal Appeals in support of his third state habeas petition. This brief, (Doc. 16, p. 371-90), is helpful in clarifying the exact contentions raised in the federal petition.

Petitioner's second state application for habeas relief was "denied without written order," on January 19, 2011. (Doc. 16, p. 330). This application raises two issues. The first, an ineffective assistance of counsel claim, states that Petitioner's court-appointed attorney, Spencer Rowley, failed to, *inter alia*, summon witnesses Rhonda Thelen and Russel Beggs to testify on Petitioner's behalf and question these witnesses "on anything," have evidence suppressed and chemically analyzed, keep Petitioner apprised of developments in his case, and "argue that the duffell [*sic*] bag was used to conceal, or disguise whatever he was hiding from his client." (Doc. 16, p. 339). Petitioner's second ground for relief argues that the Second Court of Appeals erred in affirming Petitioner's conviction and sentence because, *inter alia*, there "were no facts supporting who put the items under the driver seat," Petitioner's fingerprints were "not" found on the items, and Petitioner had no prior knowledge of the item found with "white powdery substance" being under his seat. (Doc. 16, p. 340). In accordance with Texas writ jurisprudence, the Court can safely assume that the dismissal of these claims by the Court of Criminal Appeals constituted a dismissal on the merits. As such, the claims in Petitioner's second state application for habeas relief were properly exhausted.

Petitioner's third state habeas application largely mirrors the current federal petition. (Doc. 16, p. 359-70). The third application raises the same ineffective assistance of counsel claim as the second state application, but adds a sub-claim alleging that defense counsel failed to preserve the abuse of discretion claim for review. (Doc. 16, p. 364). The application also alleges, for the first time, that the trial court abused its discretion in a way that deprived Petitioner of a fair trial. (Doc. 16, p. 365). This abuse of discretion claim is identical to the claim in the instant federal petition. (*See* Doc. 3, p. 6). The Court of Criminal Appeals dismissed this application as successive on October 26, 2011, after the state argued that the application contained claims that

"could have been raised in the initial application." (Doc. 16, p. 391, 355). Therefore, the additional claims raised in the third state habeas application are unexhausted.

## ii.

As the Supreme Court stated in *Coleman v. Thompson*, when a petitioner fails to exhaust state remedies, "and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." 501 U.S. 722, 732 n.1 (1991). This is a narrow exception to the ordinary rule that a state court must "clearly and expressly state that its judgment rests on state procedural bar." *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Coleman*, 501 U.S. at 735-36. Federal courts may not review a habeas petition where a petitioner files a successive state habeas application, without a showing of cause, and "the [petitioner] urges grounds therein that could have been, but were not, raised in his first habeas [application]." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997); *see also Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997). To overcome the procedural bar and allow federal courts to consider a petition barred by state courts, a petitioner must "establish 'cause' and 'prejudice'" from a federal court's failure to consider the claim. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (citing *Coleman*, 501 U.S. at 750-51).

Here, the Court of Criminal Appeals dismissed Petitioner's third habeas application as successive, citing to Article 11.07 § 4(a)-(c), Tex. Code Crim. Proc., as basis for its dismissal. (Doc. 16, p. 355). Because, absent a showing of cause, these claims can no longer be raised with the Texas Court of Criminal Appeals, the dismissal pursuant to Article 11.07 § 4(a)-(c), Tex.

Code Crim. Proc., bars this Court from reviewing the associated claim. Moreover, Petitioner failed to make allegations sufficient to overcome the procedural bar.

### IV.

For the foregoing reasons, it is the recommendation of this Court that the petition for writ of habeas corpus be **DISMISSED** as a mixed petition where the unexhausted claims are procedurally barred. The dismissal should not preclude Petitioner from refiling a habeas petition containing the exhausted claim, provided the limitations period and prerequisites of 28 U.S.C. §§ 2244, 2254 are adequately complied with.

**IT IS, THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within **14 days** after being served with a copy.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 13th day of January, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**