IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANIEL EUGENE EDWARDS, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 7:11-CV-149-O-BL |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

ORDER ACCEPTING, IN PART, THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner seeks to challenge the validity of his Wichita County conviction for the offense

of possession and transportation of chemicals with intent to manufacture a controlled substance.

*See State v. Edwards*, No. 47,887A (30th Judicial District Court of Wichita County, Texas 2009);

Clerk's Record, ECF No. 16-5 at 56. Upon his plea of not guilty, Edwards was tried by jury, found

guilty, and sentenced to fifteen years in prison. *See id.* at 56-57. Edwards' conviction was affirmed

by the Second Court of Appeals on May 20, 2010. *See Edwards v. State*, No. 2-09-273-CR (Tex.

App. – Ft. Worth 2010, no pet.); Clerk's Record, ECF No. 16-3. Petitioner filed three state habeas

applications attacking his conviction without success. *See Ex parte Williams*, Apps. No. WR-

74,399-01, WR-74,399-02, WR-74,399-03 (Tex. Crim. App.); ECF Nos. 16-12, 16-15, & 16-16.

In support of his petition, Edwards presents the following grounds for relief:

1.  ineffective assistance of trial counsel for failure to interview, depose, secure an
    affidavit from, or subpoena co-defendant Russell Beggs;

2.  abuse of discretion by the trial court and denial of a fair trial when the judge;

        a. denied Petitioner's motion for continuance;

        b. expressed a personal opinion not supported by the evidence; and

        c. denied Petitioner's request for a jury instruction on a lessor included offense.

Petition ¶¶ 20.A-B, ECF No. 3 at 6.

The United States Magistrate Judge has recommended that the Court dismiss Petitioner's second ground for relief and the issues listed thereunder as procedurally barred because Petitioner failed to present these issues in his second state habeas application, the only one of Petitioner's three state applications that was properly filed and reviewed by the Court of Criminal Appeals.

When a federal habeas petitioner presents grounds for relief that he has not yet presented to the state courts, a federal court has the discretion to offer a stay and abeyance in order to provide the petitioner an opportunity to exhaust his claims in state court. *Rhines v. Webber*, 544 U.S. 269 (2005). However, Texas law bars a habeas corpus petitioner from filing successive post-conviction applications for relief based on grounds that could have been, but were not presented in the initial application. Tex. Code Crim. Proc. Ann. art. 11.07 § 4. "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson* 243 F.3d 215, 220 (5th Cir. 2001). Upon review of the record, the Court agrees with the Magistrate Judge's finding that the ground for relief alleging abuse of discretion and denial of a fair trial is procedurally barred from review by this Court.

With regard to his first ground for relief, ineffective assistance of counsel, Petitioner has exhausted state habeas remedies. The Court will therefore review that ground for relief on the merits.

The Antiterrorism and Effective Death Penalty Act of 1996 provides in relevant part that:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2014).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is

an objective one and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994); 28 U.S.C. § 2254(d).

Petitioner alleges that trial counsel was ineffective for failing to interview, depose, secure an affidavit from, or subpoena co-defendant Russell Beggs. Petition ¶ 20.A, ECF No. 3 at 6.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must

prove (1) that his counsel's performance was deficient and (2) that it prejudiced the defendant. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part

of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 59-61 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

Petitioner claims ineffectiveness on the part of trial counsel for failing to interview, depose, secure an affidavit from, or subpoena co-defendant Russell Beggs. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Petitioner has failed to meet this standard. His allegation that counsel failed to interview and call a witness, without more, is insufficient to warrant habeas relief.

"Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

Moreover, complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). Where the only evidence of a missing witness's testimony is provided by the habeas petitioner, federal courts view his claims with great caution. *Id.* (citing *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)). A meritorious claim of uncalled witnesses requires that a habeas petitioner show not only that the testimony would have been favorable, but also that the witness would have so testified during the proceeding. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

-6-

Edwards has failed to meet these standards. He has not described how the testimony of his co-defendant, Russell Beggs, would have served to benefit his defense or how it might have effected the outcome of his trial. Moreover, he has not shown that Beggs would actually have testified. All Petitioner has provided is an inference that Beggs' testimony may have been of some benefit. Counsel cannot be deemed ineffective for failing to call a witness without some showing of prejudice resulting from counsel's failure. Any speculation that Beggs' testimony may have been favorable is insufficient to raise a constitutional issue in a habeas corpus proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

The Court of Criminal Appeals "denied [Edwards' habeas application] without written order." *Ex parte Edwards*, App. No. WR-74,399-02 (Tex. Crim. App. 2011), ECF No. 16-15 at 2. In Texas, when the Court of Criminal Appeals "denies" a petition for writ of habeas corpus rather than "dismissing" it, the grounds for relief are disposed of on the merits. *See Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

Upon review of the papers, pleadings and records in this case, the Court finds that Petitioner has failed to establish that the state court's adjudication of his ineffective assistance claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C.A. § 2254(d) (West 2014). Petitioner has further failed to demonstrate that the state court's decision was based upon an unreasonable determination of the facts in light of the evidence

presented in the state court proceedings. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).

For the foregoing reasons, Petitioner's claim for relief based on ineffective assistance of counsel is DENIED.

After making an independent review of the pleadings, files and records in this case, of the Report and Recommendation of the United States Magistrate Judge, and of Respondent's objections thereto, I am of the opinion that the Report and Recommendation of the Magistrate Judge is correct with regard to Petitioner's remaining grounds for relief and it is hereby adopted and incorporated by reference as the Findings of the Court with regard to those grounds. Accordingly, Petitioner's remaining grounds for relief are DISMISSED with prejudice as procedurally barred.

SO ORDERED this 3rd day of February, 2015.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**